GUIDRY, Judge.
Defendant, R.W. Beard, pleaded guilty to the crime of manslaughter, a violation of La.R.S. 14:31. He was sentenced to serve twelve years at hard labor, nine years of which were suspended. Defendant was also placed on supervised probation for a period of five years, the probationary period to commence upon completion of that portion of the sentence required to be served. Defendant appealed urging only that the sentence imposed is excessive.
FACTS
The defendant was upset by the fact that his daughter, Jennifer, and her husband were separated and that she was seeing other men. The defendant was a heavy drinker and had been drinking on November 7, 1985, the day of the incident. Earlier that day defendant saw Jennifer with her new boyfriend, Roger Wheeler. Later that day the defendant fired his shotgun, loaded with buckshot, into Jennifer’s house trailer. The shots went through at least two rooms and struck and killed Jennifer. A grand jury returned a second degree murder indictment against defendant. Subsequently, defendant was allowed to plead guilty to manslaughter and the trial court ordered a presentence investigation. On April 29,1987, defendant was sentenced as before mentioned.
In support of his argument that the sentence imposed is excessive, defendant urges that the trial judge erred in concluding that there was an undue risk that defendant would commit another crime. Further, he contends that suspending his entire sentence would not deprecate the seriousness of the offense and the trial court erred in considering public opinion in deciding not to suspend defendant’s entire sentence.
The legal principles applicable to appellate review of sentences are well established and require neither reiteration nor citation of authority.
The record confirms the trial court’s meticulous compliance with the provisions of La.C.Cr.P. art. 894.1. In imposing a sentence of three years imprisonment, the trial court concluded that there was an undue risk that defendant would commit another crime during such period; defendant required correctional treatment in a custodial environment; and, to suspend the entire sentence would deprecate the seriousness of the crime. On appeal defendant urges error in each of these conclusions. We discern no clear error or abuse of discretion by the trial judge.
The record reflects that defendant does not handle stress very well and has been a heavy drinker of alcoholic beverages for the greater part of his adult life. The record reflects that, prior to commission of the instant offense, defendant had been on a two-three week binge. Considering these facts and the fact that defendant’s conduct was unjustified and caused serious harm, the trial judge’s concern for recidivisim and his conclusion that defendant requires some correctional treatment in a custodial *42 environment is not unreasonable. There is no evidence in the record which would support a finding that the trial court did not suspend the entire sentence because of public opinion.
In sum, we find no manifest abuse of the trial judge’s sentencing discretion. The penalty imposed by the trial court is not so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. For these reasons, the sentence imposed is affirmed.
AFFIRMED.